IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FANEL JOSEPH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-028 |
| | ) | |
| STACEY N. STONE, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility ("MCF"), filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to credit his fifteen months of detention in Haiti awaiting extradition to the United States. (Doc. no. 5, pp. 6-7; doc. no. 10-2, p. 3.) Respondent asserts BOP officials already credited Petitioner's sentence with the fifteen months and the petition is moot. (Doc. no. 10, pp. 2-3.) Petitioner has not responded to Respondent's filing or otherwise alerted the Court he has not already been provided the relief sought in his petition. For the reasons below, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** as **MOOT** and **CLOSED**.

**I.  DISCUSSION**

Authorities in Haiti arrested Petitioner on October 14, 2005, and detained him there

---

[1] Because MCF Warden Stacey Sone is the only proper respondent, the Court **DIRECTS** the Clerk to terminate the United States of America and update the docket in accordance with this caption. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

for approximately 15 months until extradition to the United States. (Doc. no. 5, pp. 6-7.) Following extradition, Petitioner was convicted of "Hostage Taking and Aiding and Abetting" and sentenced to 194 months imprisonment with a projected release date of February 27, 2021. (Doc. no. 10, p. 1; doc. no. 10-2, p. 5.)

Petitioner filed this § 2241 petition, which was transferred to this Court on January 23, 2017. (Doc. no. 1, p. 2.) On June 28, 2017, the Court ordered Respondent to show cause why Petitioner's writ should not be granted. (See doc. no. 6.) Complying with the order, the BOP investigated and credited Petitioner with the fifteen months requested. (Doc. no. 10-2, p. 3.) As a result, Petitioner's revised projected release date is November 13, 2019. (Doc. no. 10, p. 3.)

The instant matter is now moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Mobley v. Palm Beach Cnty. Sheriff Dept., 783 F.3d 1347, 1352 (11th Cir. 2015) (citing Soliman, 296 F.3d at 1242); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Id.

Here, the record confirms that, as of July 13, 2017, BOP has granted the relief

Petitioner sought. (Doc. no. 10-2, p. 8.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA